# EXHIBIT A

07 MAG 1307

Approved:  _____
           ANTONIA M. APPS
           Assistant United States Attorney

Before:    THE HONORABLE KEVIN NATHANIEL FOX
           United States Magistrate Judge
           Southern District of New York

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :    SEALED COMPLAINT

          - v. -                    :    Violations of 18 U.S.C.
                                         §§ 922(a)(1)(A),
JOSEPH DEACON, a/k/a "Valentino,"   :    922(g)(1), and 2.
TIFFANY GOVAN, and
LOLA KENNEDY,                       :
                                         COUNTY OF OFFENSE:
          Defendants.               :    NEW YORK

- - - - - - - - - - - - - - - - - -x

SOUTHERN DISTRICT OF NEW YORK, ss.:

          PETER D'ANTONIO, being duly sworn, deposes and says that he is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and charges as follows:

                              COUNT ONE

          From on or about April 10, 2007 up to and including on or about June 4, 2007, in the Southern District of New York and elsewhere, JOSEPH DEACON, a/k/a "Valentino," TIFFANY GOVAN, and LOLA KENNEDY, the defendants, unlawfully, willfully, and knowingly, not being licensed importers, licensed manufacturers, or licensed dealers, did engage in the business of dealing in firearms, and in the course of such business did ship, transport, and receive firearms in interstate and foreign commerce, to wit, DEACON, GOVAN, and KENNEDY, not being licensed importers, licensed manufacturers, or licensed dealers, sold nine firearms that had been purchased at various locations in South Carolina to a confidential informant and undercover agent in New York, New York.

          (Title 18, United States Code, Sections 922(a)(1)(A) and 2.)

COUNT TWO

On or about April 17, 2007, in the Southern District of New York, JOSEPH DEACON, a/k/a "Valentino," the defendant, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, a conviction on or about April 18, 2001, in New York County Supreme Court, New York, for possession of a forged instrument in the second degree, in violation of New York Penal Law Section 170.25, a Class D felony, unlawfully, willfully, and knowingly did possess in and affecting commerce a firearm, to wit, five firearms, including a loaded .9 millimeter Hi-Point pistol, which had previously been shipped and transported in interstate commerce.

(Title 18, United States Code, Section 922(g)(1).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

1. I am a Special Agent with the ATF and have been so employed for approximately five years. I have been personally involved in the investigation of this matter. This complaint is based upon my conversations with other law enforcement officials and witnesses and my examination of reports and records. Because this complaint is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2. Based on my involvement with this investigation, including my review of documents and my conversations with other law enforcement officers and agents who have participated in the investigation, I know, in substance and in part (unless otherwise indicated), the following, among other things:

The April 17, 2007 Sale in New York

3. On or about April 10, 2007, TIFFANY GOVAN, the defendant, purchased a Hi-Point Model C 9mm pistol, serial number P03925, from Palmetto Firearms Inc., located at 4601 Broad River Road, Columbia, South Carolina. Additionally, on or about April 16, 2007, GOVAN purchased the following four firearms from Discount Guns Inc. FFL 15736380, located at 5219 Old Hickory Rd., Van Wyck, South Carolina: (i) a Hi-Point Model C9 9 mm Pistol, serial number P1350064, manufactured by Beemiller Inc.; (ii) a a

2

Hi-Point Model C9 9 mm Pistol, serial number P1345154, manufactured by Beemiller Inc.; (iii) a Hi-Point Iberia Model JCP .40 cal. Pistol, serial number X751621, manufactured by Iberia Firearms, Inc.; and (iv) a Hi-Point Iberia Model JCP .40 cal. Pistol, serial number X748924, manufactured by Iberia Firearms, Inc.

       4.    On or about April 16, 2007, a confidential informant ("CI") informed an ATF undercover agent ("UC") that JOSEPH DEACON, a/k/a "Valentino," the defendant, had told the CI that he (DEACON) had five guns available for purchase. The UC directed the CI to arrange to purchase eight guns from DEACON. After a number of telephone conversations between the CI and DEACON, DEACON agreed to sell at least eight guns to the CI. DEACON told the CI to meet him in front of the building located at 14 West 119th Street, New York, New York, between 12:00 p.m. and 1:00 p.m. on April 17, 2007.

       5    At approximately 1:22 p.m. on April 17, 2007, law enforcement officers observed JOSEPH DEACON, a/k/a "Valentino," the defendant, approaching the CI at the predetermined location in New York. The CI was standing next to a vehicle in which the UC was sitting. The UC overheard DEACON telling the CI that he had only five guns to sell: two .40 caliber pistols for $800 each and three 9mm pistols for $700 each (a total of $3,700). DEACON entered the vehicle and sat in the front passenger seat next to the UC, and said he wanted the money before handing over the guns. The UC refused and told DEACON that he would not give DEACON the money to purchase the guns without seeing the guns first. Accordingly, it was agreed that DEACON would go and get the guns from inside the building located at 14 West 119th Street, and the CI would pay the money over to DEACON inside that building. A short time after DEACON entered the building, the CI entered the building. The CI subsequently exited the building carrying a plastic bag.

       6.    The plastic bag carried by the CI contained five firearms with serial numbers matching those on the firearms that were purchased by TIFFANY GOVAN, the defendant, on April 10 and 15, 2007.

<u>The May 1, 2007 Sale in New York</u>

       7.    On or about April 30, 2007, LOLA KENNEDY, the defendant, purchased the following three firearms from Discount Guns Inc. FFL 15736380, located at 5219 Old Hickory Road, Van Wyck, South Carolina: (i) a Hi-Point Model JCP .40 caliber Pistol, serial number X753585, manufactured by Iberia Firearms,

3

Inc.; (ii) a Hi-Point Model JCP .40 caliber Pistol, serial number X753587, manufactured by Iberia Firearms, Inc.; and (iii) a Hi-Point Model CF380 .380 caliber Pistol, serial number P863889, manufactured by Beemiller Inc.

       8.    On or about April 30, 2007, the CI informed the UC that JOSEPH DEACON, a/k/a "Valentino," the defendant, told the CI that he would have five more guns to sell on May 1, 2007. On May 1, 2007, the UC and CI waited in a vehicle opposite the building located at 14 West 119th Street, New York, New York. DEACON contacted the CI using a Nextel direct-connect telephone, and told the CI that he was on his way to the location. When DEACON arrived, he walked up to the CI, who was standing on the sidewalk in front of a building on the opposite side of the road from 14 West 119th Street. The UC overheard DEACON tell the CI that he would be back in five minutes. DEACON then entered the building located at 14 West 119th Street. Minutes later, DEACON exited the building and told the CI that he had only four guns available for purchase at a total cost of $3,400. The CI then went into the building located at 14 West 119th Street with DEACON with the money to buy the guns. The CI handed the money to DEACON inside the building on the first floor. DEACON walked up the stairs, and shortly thereafter returned with three plastic bags. There were four guns inside the plastic bags.

       9.    Three of the four guns that were in the plastic bags that the CI received from JOSEPH DEACON, a/k/a "Valentino," the defendant, had serial numbers matching those on the guns purchased by LOLA KENNEDY, the defendant, on or about April 30, 2007 in South Carolina.

    <u>The Attempted Purchase of Firearms on May 31, 2007 and June 2, 2007</u>

       10.    On or about May 31, 2007, TIFFANY GOVAN, the defendant, entered Palmetto Firearms Inc., located at 4601 Broad River Road, Columbia, South Carolina. According to the manager of the store, GOVAN was accompanied by a co-conspirator not named herein ("Co-conspirator 1"), who selected which firearms to purchase, including a Smith and Wesson, model SW9VE. GOVAN completed the forms necessary to make these purchases. The manager of the store told GOVAN to check back in a couple of days to see if she can buy the guns. As Co-conspirator 1 and GOVAN left the store, the manager observed them drive away in a brown/beige Toyota Camry, with New Jersey license plates, number VSX-19V. On June 1, 2007, GOVAN contacted Palmetto Firearms to inquire about the firearms that she had sought to purchase on May

31, 2007. The manager of the store told GOVAN that he would not sell GOVAN the guns.

11. On June 2, 2007, LOLA KENNEDY, the defendant, entered Palmetto Firearms Inc., located at 4601 Broad River Road, Columbia, South Carolina. KENNEDY attempted to purchase the same Smith and Wesson .40 caliber handgun that TIFFANY GOVAN, the defendant, had attempted to purchase on May 31, 2007. KENNEDY told Palmetto Firearms Inc.' employees that the firearm was intended as a Father's Day gift. Palmetto Firearms Inc. denied the sale of the firearm. After KENNEDY exited the store, she was observed entering the same vehicle GOVAN and Co-conspirator 1 had entered after being denied the guns on May 31, 2007.

12. Based on my search of the ATF Federal Licensing System, which is used to determine whether an individual is a licensed importer, manufacturer, or dealer of firearms and/or ammunition, I know that JOSEPH DEACON, a/k/a "Valentino," TIFFANY GOVAN, and LOLA KENNEDY, the defendants, are not and have never been licensed importers, manufacturers, or dealers of firearms and/or ammunition in the United States.

13. From reviewing the criminal record of JOSEPH DEACON, a/k/a "Valentino," the defendant, I have learned that he was convicted on or about April 18, 2001, in New York County Supreme Court, New York, for possession of a forged instrument in the second degree, in violation of New York Penal Law Section 170.25, a Class D felony, and that this is a crime punishable by imprisonment for a term exceeding one year.

WHEREFORE, deponent prays that JOSEPH DEACON, a/k/a "Valentino," TIFFANY GOVAN, LOLA KENNEDY, the defendants, be arrested and imprisoned, or bailed, as the case may be.

```
_____
PETER D'ANTONIO
SPECIAL AGENT
BUREAU OF ALCOHOL, TOBACCO
FIREARMS, AND EXPLOSIVES
```

Sworn to before me this
9th day of August 2007

```
_____
THE HONORABLE KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK
```